Filed 11/19/13  In re Paris L. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re PARIS L., a Person Coming Under the Juvenile Court Law. | B245527 (Los Angeles County Super. Ct. No. FJ49944) |
| THE PEOPLE, Plaintiff and Respondent, v. PARIS L., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Philip K. Mautino, Judge.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On February 17, 2012, the Los Angeles County District Attorney's Office filed a petition pursuant to Welfare and Institutions Code section 602, alleging that 17-year-old appellant Paris L. had committed one count of second degree robbery in violation of Penal Code section 211, a felony. Following an adjudication hearing, the juvenile court sustained the petition and declared appellant a ward of the court. Appellant was subsequently detained on November 19, 2012, in connection with an adult case, and the juvenile court terminated its jurisdiction as of that date.

Appellant contends (1) the juvenile court committed prejudicial error by admitting testimonial and hearsay statements of a 911 call, and (2) there was insufficient evidence to support the true finding on the robbery count. We affirm.

## FACTS

**Prosecution Case**

On December 22, 2011, Terrence Dow (Dow) called 911. He began the phone call by stating, "I just got robbed for my phone, got beat up by 5 boys on 40th and Menlo." Upon further questioning, Dow told the 911 operator that "it was actually one but it was like four were with him." Dow described the person who robbed him as "Black," wearing a gray jacket, jeans, and blue slippers.

Los Angeles Police Department Officer Eduardo Garcia responded to the radio call regarding the incident. He saw appellant, who matched the suspect's description, and he identified appellant in court as the person who matched the description. After the police arrested appellant, they were in contact with his mother, who subsequently gave the police Dow's cell phone.

**Defense Case**

Appellant testified that his "friend" Dow and another person were celebrating appellant's birthday. Dow left to get some marijuana. When Dow came back, he was on his cell phone. Dow pulled up his pants, which caused appellant to think Dow was about to attack him. In response, appellant ran toward Dow and hit him. Dow dropped his phone. Appellant did not pick up his friend's phone, and he did not see who picked it up. Appellant saw Dow once more that day, but Dow did not ask for his phone.

2

On cross-examination, appellant testified that he was alone with Dow, and not another person.

Appellant's mother testified that she saw her son and Dow fighting in front of her house and there were "some extra people around there." She saw the phone fall into some water and did not see who picked up the phone, but friends of her next-door neighbor somehow got the phone. She retrieved the phone from them because the police said that her son would not go to jail "[i]f you give up the phone.'"

## DISCUSSION

### I. The Trial Court Properly Admitted Evidence of the 911 Call.

Appellant argues that the juvenile court violated his Sixth Amendment right to confrontation by admitting evidence of Dow's 911 call, and, alternatively, that the court improperly admitted the hearsay evidence under the spontaneous statement exception set forth in Evidence Code section 1240.

#### A. Procedural Background

Prior to trial, the prosecutor moved to admit evidence of the 911 call. Defense counsel objected on the grounds that the evidence was inadmissible hearsay and violated appellant's constitutional right to confrontation. Defense counsel argued that Dow lost his phone and then went home, 2.9 miles away, to call the police. Defense counsel noted that the victim repeatedly told the 911 operator that he just wanted his phone back. Defense counsel maintained that Dow had time to reflect before he made the call, and that his calm voice indicated that it was not an emergency situation. The juvenile court granted the prosecutor's motion to admit the 911 call into evidence.

During the adjudication hearing, the prosecutor moved to admit both a CD and a transcript of the 911 call. Defense counsel renewed his objections. The juvenile court deleted the portion of the call where Dow said, "'They are gang bangers too, to let you know they are gang bangers.'" Otherwise, the court overruled the objection.

#### B. There Was No Confrontation Violation

Appellant argues that Dow's 911 call should have been excluded because it was testimonial in nature and violated his Sixth Amendment right to confrontation because

3

Dow did not testify at trial and was not subject to prior cross-examination. The Sixth Amendment bars the "admission of testimonial statements of a [declarant] who [does] not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." (*Crawford v. Washington* (2004) 541 U.S. 36, 53–54, 68 (*Crawford*).)

"*Crawford* declined to define the term 'testimonial' [citation], but gave examples of testimonial statements. *Crawford* listed as testimonial: (1) plea allocutions showing the existence of a conspiracy; (2) grand jury testimony; (3) prior trial testimony; (4) ex parte testimony at a preliminary hearing; and (5) statements taken by police officers in the course of interrogations." (*People v. Cervantes* (2004) 118 Cal.App.4th 162, 172.) *Crawford* also identified as testimonial "'material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,' . . . [and] 'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.'" (*Crawford, supra,* 541 U.S. at pp. 51–52.) In other words, "'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" (*Id*. at p. 52.)

In *People v. Lopez* (2012) 55 Cal.4th 569, the California Supreme Court reviewed three United States Supreme Court cases following *Crawford,* and concluded that "a statement is testimonial when two critical components are present. [¶] First, to be testimonial the out-of-court statement must have been made with some degree of formality or solemnity," and "[s]econd, . . . an out-of-court statement is testimonial only if its primary purpose pertains in some fashion to a criminal prosecution." (*Id*. at pp. 581–582.) In *People v. Romero* (2008) 44 Cal.4th 386, 422, our Supreme Court stated that the "critical consideration" in determining whether a statement is testimonial "is the primary purpose of the police in eliciting the statements." (*Id*. at p. 422.) "Statements are testimonial if the primary purpose was to produce evidence for possible use at a criminal trial; they are nontestimonial if the primary purpose is to deal with a

4

contemporaneous emergency such as assessing the situation, dealing with threats, or apprehending a perpetrator." (*Ibid.*)

As pointed out in *Davis v. Washington* (2006) 547 U.S. 813, 827, a 911 call "is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance." Indeed, several California cases decided after *Davis* have found 911 calls to be nontestimonial. (See, e.g., *People v. Gann* (2011) 193 Cal.App.4th 994, 1008–1009; *People v. Nelson* (2010) 190 Cal.App.4th 1453, 1464; *People v. Johnson* (2010) 189 Cal.App.4th 1216, 1225–1226; *People v. Banos* (2009) 178 Cal.App.4th 483, 492–493; *People v. Brenn* (2007) 152 Cal.App.4th 166, 175–176.)

Appellant argues that Dow's 911 call was testimonial in nature because Dow was describing a past incident, rather than what was happening at the exact moment. He therefore likens Dow's statements to those Dow would have made if formally interviewed by the police in person. Appellant also argues that because Dow made the 911 call from his home, almost three miles from the scene of the crime, there were no exigent circumstances. Appellant points out there was no need for immediate police protection or medical assistance, Dow calmly answered the 911 operator's questions, and Dow stated that he just wanted his phone back.

Appellant's comparison of the 911 call to a formal police interview is misplaced. The transcript of the call is less than two pages, indicating that it was a short call with no protracted discussion. Dow says nothing to the operator about wanting to press charges, just that he wants his phone back and that he wants "these boys [to] leave [him] alone." The call does not bear the formality or solemnity of an in-person police interview.

Moreover, Dow called 911 as soon as he could. Dow could not call at the time he was being robbed because his cell phone was stolen, preventing him from using it. Even appellant's mother conceded that Dow did not have his cell phone, testifying that she got the phone from her neighbors. She also testified that her son had been fighting Dow with a crowd hanging around, indicating that there were exigent circumstances that prevented Dow from immediately calling 911. Significantly, Dow began the call by

5

stating, "I *just* got robbed for my phone, got beat up by 5 boys . . . ." (Italics added.) We agree with the People that the word "just" shows the immediacy of the call.

Additionally, at the time the call was made, appellant had not been apprehended. Thus, the questions and answers during the call—what the suspect looked like, what he was wearing—were designed to help the police apprehend an outstanding suspect who had just committed a violent robbery in front of others, a situation we consider an ongoing emergency.

Under the circumstances here, we find the 911 call was nontestimonial and its admission did not violate appellant's Sixth amendment right to confrontation.

## C. *The 911 Call Statements Were Admissible Hearsay*

Appellant argues that the 911 call statements were inadmissible hearsay. Specifically, he argues that the statements did not qualify as spontaneous declarations under Evidence Code section 1240, because there was no evidence that Dow was under the requisite stress.

Evidence Code section 1240 provides that the hearsay rule does not make a statement inadmissible if the statement "(a) [p]urports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and  [¶]  (b) [w]as made spontaneously while the declarant was under the stress of excitement caused by such perception."  The basis for this hearsay exception is that a spontaneous statement is made under circumstances "that eliminate the possibility of fabrication, coaching, or confabulation, and that therefore the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous." (*Idaho v. Wright* (1990) 497 U.S. 805, 820.)  As appellant acknowledges, "'Neither lapse of time between the event and the declarations nor the fact that the declarations were elicited by questioning deprives the statements of spontaneity *if it nevertheless appears that they were made under the stress of excitement and while the reflective powers were still in abeyance.*'"  (*People v. Poggi* (1988) 45 Cal.3d 306, 318, citing *People v. Washington* (1969) 71 Cal.2d 1170, 1176, italics added.)  "Under the same reasoning, the fact that the declarant has become calm enough

6

to speak coherently also is not inconsistent with spontaneity.  [Citations.]  To conclude otherwise would render the exception virtually nugatory:  practically the only 'statements' able to qualify would be sounds devoid of meaning."  (*People v. Poggi, supra*, at p. 319.)

The record supports the finding that Dow was still under the stress of excitement caused by having been robbed during a physical fight in front of a crowd.  He was unable to make the 911 call from his stolen cell phone, and made the call when he arrived home.  The fact that his home was almost three miles from the crime scene does not diminish the spontaneity of the call, because the call appeared to have been made as soon as possible ("I *just* got robbed . . .").  (See *In re Emilye A*. (1992) 9 Cal.App.4th 1695, 1713 [statements made day or two after incident]; *People v. Jones* (1984) 155 Cal.App.3d 653, 658, 661–662 [statements made about 30 to 40 minutes after crime committed and in a different location].)

Accordingly, there was no error in admission of the statements under the hearsay exception in Evidence Code section 1240.

## II.  Substantial Evidence Supports the Finding of Robbery.

Appellant contends there was no substantial evidence to support the juvenile court's finding that he committed the charged robbery.

A defendant raising a claim that the evidence was insufficient to support his conviction or the sustaining of a criminal offense allegation in a juvenile delinquency petition bears a "massive burden" because this Court's "role on appeal is a limited one." (*People v. Akins* (1997) 56 Cal.App.4th 331, 336.)  We review the entire record in the light most favorable to the judgment to determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt.  (*Ibid*.)  We presume in support of the judgment the existence of every fact that a trier of fact could reasonably deduce from the evidence.  (*Ibid*.)  This standard applies whether direct or circumstantial evidence is involved.  (*People v. Thompson* (2010) 49 Cal.4th 79, 113.)  Reversal is not warranted unless it appears "'that upon no hypothesis whatever is there sufficient substantial

evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"'Robbery is the taking of "personal property in the possession of another against the will and from the person or immediate presence of that person accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property." [Citations.]'" (*People v. Clark* (2011) 52 Cal.4th 856, 943, quoting *People v. Lewis* (2008) 43 Cal.4th 415, 464; Pen. Code, § 211.)

Pointing to his testimony and a written statement to the police, appellant argues there was no evidence that he expressed any interest in Dow's cell phone or that he took it after Dow dropped the phone. But the absence of such testimony by appellant does not diminish the circumstantial evidence against him. Appellant testified that when Dow returned holding the cell phone, appellant charged toward Dow and physically attacked him, causing Dow to drop his phone. This evidence supports the force element of robbery. The evidence that a crowd witnessed the fight supports the alternative fear element. The evidence also shows that appellant did not return the phone to his "friend" Dow or turn it over to the police. Instead, appellant's mother only gave it to the police because she wanted her son returned after he was arrested. A trier of fact could infer from this evidence that appellant had the specific intent to permanently take the phone from Dow.

Based on our review of the record as a whole, and pursuant to the applicable deferential standard of review requiring us to examine the record in the light most favorable to the People (*People v. Barnes* (1986) 42 Cal.3d 284, 303–304), we are satisfied there was substantial evidence to support the juvenile court's finding that appellant committed the charged robbery.

**DISPOSITION**

The juvenile court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.*
FERNS

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9